Filed 6/30/14  Westamerica Bank v. Schultz CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WESTAMERICA BANK,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>STANLEY R. SCHULTZ,<br><br>      Defendant and Appellant. | B249522, B249524, B250285<br><br><br>(Los Angeles County<br>Super. Ct. Nos. KP010150,<br>KP009938, KP009736) |

APPEALS from orders of the Superior Court of Los Angeles County.  Thomas C. Falls, Judge.  Orders reversed and remanded with directions.

———

Law Offices of William E. Crockett, William E. Crockett and Kenneth C. Bounds for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———

Stanley R. Schultz is the chief executive officer of IBAR Settlement Company (IBAR), which provides advisory services to trustees of special needs trusts for substantially disabled children and adults. IBAR's services include assisting with Medi-Cal and social security benefits, coordinating reimbursements, evaluating proposed equipment purchases, reviewing matters with caregivers, making home visits, assessing long-term care needs and facilitating communication between the beneficiary's family, the trustee and health care providers.

Since the 2003 inception of the three trusts in these appeals,[1] IBAR has been the independent member of the trust advisory committee. Although subject to judicial review, each court-approved trust authorized the trustee to pay an independent member of the trust advisory committee, here IBAR, at an annual rate of .75% of the value of trust assets, and the trustee in all three trusts paid IBAR according to that formula. The trustee reduced its own fee generally to .75% of the value of trust assets. Schultz maintained that reduction was the result of the efficiencies IBAR created for the trustee.

As specified in each trust, at the end of the first year and biennially thereafter, the trustee provided the trial court an accounting and report and requested authorization to pay its attorney fees from the trust proceeds. In the reports, the trustee identified the amounts paid to IBAR for its work as the independent member of the trust advisory committee and requested approval of those amounts.

In February 2013, Westamerica Bank, as successor trustee for each of the trusts, filed petitions for approval of accounting for a specified reporting period. In the petitions, Westamerica Bank identified the payments it had made to IBAR using the .75% formula specified in the trusts and requested approval of those payments. In support of each petition, IBAR presented a log detailing its services and the time it had spent on each task, and Schultz filed a declaration describing IBAR's expertise. No opposition was filed or objection made to any of the petitions.

---

[1] Each of the three trusts was established as part of the settlement of an action on behalf of the beneficiary that stemmed from injuries resulting in a permanent disability.

On March 28, 2013, the trial court denied Westamerica Bank's request to approve the payments to IBAR for each of the trusts and ordered IBAR to reimburse all of the funds it had been paid by the trustee for the reporting periods. Without explanation, the court stated that IBAR's services had not provided a substantial benefit to the trusts.[2] Schultz filed a notice of appeal in each case. (Code Civ. Proc., § 904.1, subd. (a)(10); Probate Code, § 1300, subds. (c) & (f).) We granted his motion to consider the appeals together for purposes of oral argument and decision.

Schultz contends that the trial court abused its discretion by denying approval and requiring reimbursement of all of IBAR's fees. We agree. In past proceedings involving these three trusts, the payments to IBAR have been approved, either in total according to the .75% formula or in part. For the current reporting periods, IBAR detailed the services it had performed and the numbers of hours it had spent on each task for the trusts. The records show that the current services were of the same nature as those IBAR had performed during prior reporting periods and for which payment had been court approved. Schultz filed a declaration supporting each of the approval requests, explaining IBAR's expertise in handling special needs trusts. No opposition was filed or objection made to any of the requests to approve. The court nevertheless denied each of the approval requests, stating that IBAR's services had not substantially benefited the trust. But, given the trustee's requests to approve, IBAR's supporting documentation, the fact that the services performed were of the same nature as those that had been rendered previously by IBAR and approved and the lack of any opposition or objection to the request, those denials, absent some evidence of lack of benefit, constituted an abuse of discretion. (*Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 268 [abuse of discretion review standard applied to decision granting fee requests payable from trust assets]; see *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 92, 101 [fee award

---

[2] In each case, the trial court also denied Westamerica Bank's request to transfer the matter to the superior court in the county where the trust is administered, but otherwise approved the trustee's accounting for the reporting period and authorized the payment of fees to the trustee's attorneys.

an abuse of discretion when appellate court could not ascertain reasonable basis for reduction of amount of requested fees].)

On remand, the trial court has the discretion to approve reasonable fees for IBAR for the reporting period in each case.  The court should consider, at minimum, the nature of the services performed, their value to the trusts, the hours spent, the cost savings to the trusts and the .75% formula for payment specified in the trusts.  (*Donahue v. Donahue*, *supra*, 182 Cal.App.4th at p. 274 [after reversal of fee order, matter remanded to trial court for further consideration]; *Gorman v. Tassajara Development Corp.*, *supra*, 178 Cal.App.4th at p. 101 [same].)

## DISPOSITION

The orders are reversed.  The matters are remanded with directions for the trial court to reconsider the requests to approve IBAR's fees.  Schultz shall bear his own costs in the appeals.

NOT TO BE PUBLISHED.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.

MILLER, J.[*]

---

[*]      Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4